# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAVRIELI BRANDS LLC,<br><br>Creditor,<br><br>v.<br><br>SOTO MASSINI (USA) CORP. and THOMAS PICHLER,<br><br>Debtors. | CASE NO.: 3:20-MC-01221<br><br>**ORDER GRANTING *EX PARTE* APPLICATION AND REQUEST OF JUDGMENT CREDITOR GAVRIELI BRANDS LLC FOR APPEARANCE, EXAMINATION, AND PRODUCTION OF DOCUMENTS OF THIRD-PARTY BIOM LLC**<br><br>D. Del. Case No.: 1-18-cv-00462 |

Before the Court is Plaintiff Gavrieli Brands LLC's *ex parte* application for a judgment debtor examination. ECF No. 2. Plaintiff requests that the Court order third party Biom LLC to appear for examination and produce certain documents, to help Plaintiff identify and locate assets of judgment debtors Thomas Pichler and Soto Massini (USA) Corp. *Id*. at 2–7. Upon consideration of the motion and the written submissions before the Court, including the declaration regarding the third party and judgment debtors' financial relationship, and good cause appearing, the *ex parte* application is **GRANTED**.

## I. INTRODUCTION

On October 23, 2020, Judgment Creditor Gavrieli Brands LLC ("Gavrieli") registered a "foreign judgment" with this Court pursuant to 28 U.S.C. § 1963. ECF No. 1. The foreign judgment is a final judgment entered by the United States District Court for the District of Delaware against Judgment Debtors Thomas Pichler and Soto Massini (USA) Corp. (collectively, "Debtors") for damages in the amount of $2,942,658, attorneys' fees and costs in the amount of $80,309, pre-judgment interest in the amount of $196,414, and post-judgment interest accruing at $203.61 per day. *Id.* at 2-5.

On November 13, 2020, Gavrieli filed an application and request for an order for an examination of and production of documents from third-party Biom LLC ("Biom"). This Order follows.

## II. DISCUSSION

Federal Rule of Civil Procedure 69 prescribes the procedures by which judgments may be enforced in federal courts. *Hilao v. Estate of Marcos*, 95 F.3d 848, 851 (9th Cir. 1996). Pursuant to Rule 69(a):

> (1) *Money Judgment; Applicable Procedure.* A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.
>
> (2) *Obtaining Discovery.* In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located.

FED. R. CIV. P. 69(a)(1)-(2).

Under California law, judgment debtor proceedings "permit the judgment creditor to examine the judgment debtor, or third persons who have property of or

are indebted to the judgment debtor, in order to discovery property and apply it toward the satisfaction of the money judgment." *Imperial Bank v. Pim Elec., Inc.*, 33 Cal. App. 4th 540, 546-47 (1995); *see also* CAL. CIV. PROC. CODE §§ 708.110-708.205. The assets of the judgment debtor are all subject to enforcement. CAL. CIV. PROC. CODE § 695.010(a).

California Code of Civil Procedure § 708.120, in relevant part, provides that:

(a) Upon ex parte application by a judgment creditor who has a money judgment and proof by the judgment creditor by affidavit or otherwise to the satisfaction of the proper court that a third person has possession or control of property in which the judgment debtor has an interest or is indebted to the judgment debtor in an amount exceeding two hundred fifty dollars ($250), the court shall make an order directing the third person to appear before the court, or before a referee appointed by the court, at a time and place specified in the order, to answer concerning such property or debt. The affidavit in support of the judgment creditor's application may be based on the affiant's information and belief.

…

(e) An order made pursuant to subdivision (a) shall contain the following statements in 14-point boldface type if printed or in capital letters if typed:

(1) "NOTICE TO PERSON SERVED. If you fail to appear at the time and place specified in this order, you may be subject to arrest and punishment for contempt of court and the court may make an order requiring you to pay the reasonable attorney's fees incurred by the judgment creditor in this proceeding."

(2) "NOTICE TO JUDGMENT DEBTOR. The person in whose favor the judgment was entered in this action claims that the person to be examined pursuant to this order has possession or control of property which is yours or owes you a debt. This property or debt is as follows: (Description of property or debt).

If you claim that all or any portion of this property or debt is exempt from enforcement of the money judgment, you must

> file your exemption claim in writing with the court and personally serve a copy on the judgment creditor not later than three days before the date set for the examination. You must appear at the time and place set for this examination to establish your claim of exemption or your exemption may be waived."

CAL. CIV. PROC. CODE § 708.120.

California Code of Civil Procedure § 708.160(a) provides that "[e]xcept as otherwise provided in this section, the proper court for examination of a person under this article is the court in which the money judgment is entered." Cal. Civ. Proc. Code § 708.160(a).

The Court finds that Gavrieli has satisfied the requirement of 28 U.S.C. § 1963 because Gavrieli has filed a certified copy of the final judgment entered by the United States District Court for the District of Delaware to obtain enforcement of that court's judgment. ECF No. 1.

The Court also finds that Gavrieli's application sets forth the showing required by Federal Rule of Civil Procedure 69(a)(2) and the applicable provision of the California Code of Civil Procedure §§ 708.120 and 708.160.

Because Biom is a limited liability company, Biom is required to designate and produce a representative who is knowledgeable about Debtors' property for examination. *See* CAL. CIV. PROC. CODE §§ 708.150(a) ("If a corporation . . . or other organization is served with an order to appear for an examination, it shall designate to appear and be examined one or more officers, directors, managing agents, or other persons who are familiar with its property and debts."), 708.150(d) ("A corporation . . . other organization, whether or not a party, may appear at an examination through any authorized officer, director, or employee, whether or not the person is an attorney.").

//
//

### III. CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Biom shall produce a representative to appear on **December 22, 2020** at **9:30 a.m. PST** for a remote deposition *via Zoom or equivalent video technology*, with login details to be provided Gavrieli's counsel, to furnish information to aid in the enforcement of a money judgment by answering questions about the Debtors' property, receivables, and assets (including Debtor Pichler's interests in Biom as a founder and member, distributions from Biom, and capital contributions to Biom, and Debtor Soto Massini's interest in money transferred to Biom).

2. To facilitate the Court swearing in Biom's representative before the examination, Gavrieli's counsel shall provide the Court (via email at efile_goddard@casd.uscourts.gov) the sign in link for the videoconference by **December 18, 2020**.

3. Biom shall, no later than **December 15, 2020**, produce to Gavrieli's counsel, Michael J. Lyons, 1400 Page Mill Road, Palo Alto, CA 94304, all documents responsive to the following requests:[1]

    A. Copies of Biom's original operating agreement and any amendments or restatements of that agreement.

    B. Any and all documents referring or relating to, or reflecting any capital contributions to Biom.

    C. Any and all document referring or relating to, or reflecting, any loans to Biom by Debtor or any of Debtor's Family members.

    D. Any and all documents referring or relating to, or reflecting, any loans to Debtor or Debtor's Family members, or any of them, by Biom.

---

[1] For purposes of these requests, "Debtor" means Thomas Pichler and/or Soto Massini (USA) Corp. and "Debtor's Family" means Thomas Pichler's spouse, ex-spouse, and children.

E.   Any and all documents referring or relating to, or reflecting, any transfers of any interest in Biom.

F.   Any and all documents referring or relating to, or reflecting, any distributions to the members of Biom including, without limitation, copies of any Internal Revenue Service Schedules K-1 prepared for Biom's members.

G.   Any and all documents referring or relating to, or reflecting, any employment agreements between Biom and Debtor or any members of Debtor's Family.

H.   Any and all documents referring or relating to, or reflecting, any salaries paid to Debtor or any of Debtor's Family including, but not limited Internal Revenue Service Forms W-2.

I.   Any and all documents referring or relating to, or reflecting, any monies owed by Biom to Debtor or Debtor's Family, or any of them.

J.   Any and all Biom financial statements including, without limitation, balance sheets, profit and loss statements, income statements and statements of cash flows for the period January 1, 2018 through the present.

4.   Gavrieli must personally serve this Order upon Biom's registered agent for service of process no less than ten (10) days prior to the date of examination.

**NOTICE TO PERSON SERVED. IF YOU FAIL TO APPEAR AT THE TIME AND PLACE SPECIFIED IN THIS ORDER, YOU MAY BE SUBJECT TO ARREST AND PUNISHMENT FOR CONTEMPT OF COURT AND THE COURT MAY MAKE AN ORDER REQUIRING YOU TO PAY THE REASONABLE ATTORNEY'S FEES INCURRED BY THE JUDGMENT CREDITOR IN THIS PROCEEDING.**

5.   Gavrieli must serve personally or by mail this order upon Debtors no less than ten (10) days prior to the date of examination.

**NOTICE TO JUDGMENT DEBTOR. THE PERSON IN WHOSE FAVOR THE JUDGMENT WAS ENTERED IN THIS ACTION CLAIMS**

**THAT THE PERSON TO BE EXAMINED PURSUANT TO THIS ORDER HAS POSSESSION OR CONTROL OF PROPERTY WHICH IS YOURS OR OWES YOU A DEBT. THIS PROPERTY OR DEBT IS AS FOLLOWS:**

> **DEBTOR PICHLER'S INTERESTS IN BIOM AS A FOUNDER AND MEMBER, DISTRIBUTIONS FROM BIOM, AND CAPITAL CONTRIBUTIONS TO BIOM, AND DEBTOR SOTO MASSINI'S INTEREST IN MONEY TRANSFERRED TO BIOM.**

**IF YOU CLAIM THAT ALL OR ANY PORTION OF THIS PROPERTY OR DEBT IS EXEMPT FROM ENFORCEMENT OF THE MONEY JUDGMENT, YOU MUST FILE YOUR EXEMPTION CLAIM IN WRITING WITH THE COURT AND PERSONALLY SERVE A COPY ON THE JUDGMENT CREDITOR NOT LATER THAN THREE DAYS BEFORE THE DATE SET FOR THE EXAMINATION. YOU MUST APPEAR AT THE TIME AND PLACE SET FOR THIS EXAMINATION TO ESTABLISH YOUR CLAIM OF EXEMPTION OR YOUR EXEMPTION MAY BE WAIVED.**

IT IS SO ORDERED.

Dated: December 8, 2020

_____
Honorable Allison H. Goddard
United States Magistrate Judge